UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN EDWARD LAW,

                Plaintiff,

v.

SCOTT R. PETERS, *et al*.

                Defendants.

Case No. C23-5127-JCC-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Brian Law is proceeding with this action *pro se* and *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint and the balance of the record, concludes that Plaintiff has failed to state a claim upon which relief may be granted under § 1983. The Court therefore recommends that Plaintiff's complaint and this action be dismissed, without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

On February 16, 2023, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* dkt. # 1.) Plaintiff identified two claims for relief in his complaint.

(Dkt. # 11.) In the first count of his complaint, Plaintiff alleged a violation of his First Amendment right to petition the government for redress of grievances. (*Id*. at 4.) Though the facts alleged in support of this claim were not entirely clear, it appeared to arise out of decisions made by the Pierce County Prosecuting Attorney's Office to file various criminal charges against Plaintiff. (*See id*. at 4-9.)

In the second count of his complaint, Plaintiff alleged violations of his Fifth and Fourteenth Amendment rights to access the courts. (Dkt. # 11 at 10.) This claim appears to arise out of mailroom policies at the Pierce County Jail that inhibited Plaintiff's ability to mail documents to this Court. (*Id*. at 10-13.) Finally, in addition to the two counts specifically alleged in the complaint, Plaintiff attached to his pleading a lengthy document in which he presented complaints related to his ongoing state court criminal proceedings, including a claim that he had not been allowed to be present for court hearings. (*See id.* at 16-29.)

Plaintiff identified as Defendants in his complaint Pierce County Deputy Prosecuting Attorney Scott Peters, Pierce County Prosecuting Attorney Mary Robnett, and Pierce County Risk Investigator T. Garcia. (Dkt. # 11 at 3.) Plaintiff, in his request for relief, indicated that he filed this action to protect himself from Pierce County's "vindictive prosecution" of him, and he requested damages in the amount of $1.5 million. (*Id*. at 15.)

After reviewing Plaintiff's complaint, this Court concluded that the complaint was deficient in various respects that precluded the Court from directing service of the pleading on Defendants. Thus, on April 4, 2023, the Court issued an Order declining to serve Plaintiff's complaint and granting him an opportunity to file an amended complaint correcting deficiencies identified in the Order. (Dkt. # 12.)

REPORT AND RECOMMENDATION
PAGE - 2

Among the deficiencies identified by the Court in its Order declining to serve Plaintiff's complaint was that the Pierce County prosecuting attorneys named as Defendants were not referenced anywhere in Plaintiff's statement of his claim. (Dkt. # 12 at 5.) The Court also explained that these Defendants were, in any event, likely entitled to immunity given that Plaintiff appeared to be asserting claims pertaining to the prosecutors' charging decisions. (*Id*.) The Court observed as well that Plaintiff had alleged no facts demonstrating that the third named Defendant, risk investigator T. Garcia, had engaged in any conduct that violated Plaintiff's federal constitutional rights. (*See id*. at 5-6.)

With respect to Plaintiff's apparent challenges to aspects of his ongoing Pierce County Superior Court criminal proceedings, the Court explained that the *Younger* abstention doctrine barred consideration of such claims. (Dkt. # 12 at 6-7.) Finally, the Court explained that Plaintiff's access to courts claim was deficient because he had not clearly identified the individual responsible for the alleged misconduct nor had he adequately alleged any injury to his right of access as is required to state a viable access to courts claim. (*Id*. at 7-8.)

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend this action be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). To date, Plaintiff has filed no amended complaint. Because Plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

//

//

### III. CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state any claim upon which relief may be granted under § 1983. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 16, 2023**.

DATED this 23rd day of May, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge